| | |
|---|---|
| **Charlise Kinslow** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION NO. _____ DEPT. CL |
| ) | |
| v. ) | 4:12-CV-45 |
| ) | |
| **Franklin County School System,** ) | **Jury Demand**  Mattice/Carter |
| **Diana Spaulding** ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT

Comes now Charlise Kinslow, Plaintiff, bringing this civil action against defendants Franklin County School System/ Diana Spaulding, Principal Franklin County High School (currently Secondary Education Director) asserting discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"). For her causes of action, Mrs. Kinslow states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for declaratory relief, prospective injunctive relief, monetary damages, equitable relief, and/or damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Venue is properly vested in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391, as all events alleged herein occurred in Franklin County, Tennessee.

2. Plaintiff has met all conditions precedent to the filing of this complaint. Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity

Commission (EEOC) as to her Title VII claims on or about September, 2011. The EEOC dated Ms. Kinslow's right-to-sue letter on April 10, 2012. Plaintiff has filed this civil action within ninety days after receiving her right-to-sue sue letter. Pursuant to this notice, Plaintiff brings her Title VII claims in this matter.

## PARTIES

3. Plaintiff is a citizen and resident of Franklin County, Tennessee.

4. Franklin County High School is a high school educational institution located in Winchester, Tennessee. Franklin County High School operates as a school within the Franklin County Board of Education (the "Board of Education"). The Board of Education implements policies affecting the terms, conditions, privileges, and benefits of Franklin County High School employees' employment.

5. Plaintiff is a former employee of the Defendants.

## FACTS

6. Plaintiff was, at all relevant times, an employee of Defendants.

7. On or about August 2006, Plaintiff was hired by Defendants as a Part-Time Cosmetology Teacher and continued to substitute teach for the school system until May 2011.

8. Plaintiff's position as Cosmetology Teacher was within the Franklin County High School Vocational Education Department.

9. As a Cosmetology Teacher, Plaintiff's job responsibilities were professional in nature, and included teaching all levels of the cosmetology curriculum, classroom management, documenting state board requirements, clinical education, student compensation evaluations, IEP evaluations, and all other state board requirements.

10. As a Cosmetology Teacher, Plaintiff performed her job duties satisfactorily and received positive performance evaluations, pay increases, and increased job responsibilities, due largely to her strong job performance.

11. On or about May 2011, Defendants announced a job opening for the full-time Cosmetology Teacher.

12. The Cosmetology Teacher is a position within the Franklin County High School Vocational Education Department.

13. The Cosmetology Teacher is higher within the hierarchy of Franklin County School System Vocational Education Department than the position of Substitute Teacher. The Cosmetology Teacher has a higher salary than the position of Substitute Teacher.

14. If Plaintiff was selected as the Cosmetology Teacher, it would have been a promotion above her position as a Long- Term Substitute Teacher.

15. Defendants received applications from several candidates for the position of Cosmetology Teacher, including Plaintiff.

16. Defendants established a two-member interview and selection panel (the "panel") to interview and select the best candidate from the pool of eligible candidates for the position of Cosmetology Teacher.

17. The two-member interview and selection panel consisted of Franklin County High School Principal (current Secondary Education Director) Diana Spaulding, and Assistant Principal (current Principal) Greg Mantooth.

18. Plaintiff was interviewed twice in May by the two-member interview and selection panel, and Principal Spaulding and Assistant Principal Mantooth commented on the

effectiveness of Plaintiff as the Cosmetology Teacher, good classroom management, work ethics and community involvement.

19. Plaintiff was acknowledged by Defendants to be qualified for the position of Cosmetology Position.

20. The panel was not initially implemented as an "advisory" panel.

21. The panel was implemented by Defendant to select the candidate for the position of Cosmetology Teacher.

22. Roger Stewart, a Caucasian (White) male, also interviewed with the panel as an eligible candidate.

23. Ultimately, Diana Spaulding selected Roger Stewart for the position of Cosmetology Teacher.

24. Roger Stewart no experience within the Franklin County High School Vocational Education Department unlike Plaintiff at the time of his selection as the Cosmetology Teacher.

25. Roger Stewart was not as proficient in his previous job as a licensed cosmetologist/salon owner (prior to selection as Cosmetology Teacher) than Plaintiff was in her position as a Substitute Cosmetology Teacher, licensed cosmetologist and salon owner, at the time of his selection as Cosmetology Teacher.

26. Roger Stewart was not as highly-educated as Plaintiff at the time of his selection as the Cosmetology Teacher. Plaintiff is a licensed cosmetology instructor/cosmetologist, salon owner, had a Tennessee Apprentice License, and had continuing education certification from the top cosmetology institutions in the country. Certifications include: Dudley

Cosmetology University of North Carolina/DCU Ambassador Advanced Education; Milady Career Institute (which is the institute of the state board curriculum for the cosmetology program at Franklin County High School.) Plaintiff had been educated, trained and taught from the Pivot Point Curriculum, a highly advanced, diverse, and most chosen curriculum for leading institutes in the cosmetology industry, including The Paul Mitchell Academy's. Plaintiff had taught barbering, does professional make-up applications, has diverse professional cosmetology knowledge and is an Educational Consultant in the field of cosmetology at the time Roger Stewart was selected for the position of Cosmetology teacher. At the time of his selection, Roger Stewart only possessed (according to Defendant) a cosmetology instructor's licenses, salon owner/cosmetologist and product sales experience.

27. Roger Stewart had less experience in teaching cosmetology and no experience teaching in the public school system than Plaintiff at the time of his selection as the Cosmetology Teacher. Roger Stewart asked if Plaintiff would come to the school, after he received the position, to give him some in-service training because "he didn't know what he was doing and was afraid of failing".

28. Roger Stewart previous teaching experience was not current and related to sales, not Tennessee State Board Cosmetology requirements.

29. Plaintiff had experience in vocational education during her tenure with Defendants and through previous employment.

30. Principal Diana Spaulding has made previous comments during interview process regarding the need to recruit male students into the class, due to the lack of them being in the class it was affecting the funding. Plaintiff stated she had experience teaching male

student and told how who would go about recruiting them. Franklin County High School is a racially hostile environment. During Plaintiff's 2006-2007 efforts were made to keep Plaintiff from returning to the Cosmetology class for the 2007-2008 school term. Plaintiff has found several African-American's who were in the school system, highly qualified and passed over for promotions.

31. Said refusal to promote and select Plaintiff rather than Roger Stewart was based on Plaintiff's race.

32. Said refusal to promote and select Plaintiff rather than Roger Stewart was based on Plaintiff's sex, female.

33. Franklin County High School Principal Diana Spaulding is a Caucasian (White).

34. Roger Stewart is a Caucasian (White) male.

35. Plaintiff is an African-American (Black) female.

36. On or about September, 2011, Plaintiff filed Charge No. 494-2011-02264 with the Equal Employment Opportunity Commission alleging violations of Title VII.

37. Plaintiffs EEOC charge alleged both race and sex discrimination.

38. Plaintiff also alleged no retaliation at the time because she did not sign up to substitute teach this school term, however feels retaliation is taking place through lack of cooperation from school board member who was working with Plaintiff on a business deal prior to EEOC charge.

39. Defendants were aware of the filing of Plaintiff's EEOC charge.

40. Defendants have since become hostile in their interactions since the filing of her internal grievance and EEOC charge, when Defendants were not typically hostile towards her before.

41. Presently, Plaintiff works as a Cosmetologist.

42. Plaintiff's position as a cosmetologist has less prestige, is considered a lesser job, and is far less arduous than a full-time cosmetology teacher.

43. Plaintiff's employment as a cosmetologist is materially adverse to her for engaging in activity protected by Title VII, and Defendants actions certainly would dissuade a reasonable worker from making or supporting a charge of discrimination.

44. Plaintiff's subsequent hostile and negative treatment has been materially adverse and would be to any reasonable employee, and would dissuade a reasonable worker from making or supporting a charge of discrimination or any other activity protected by Title VII.

45. With respect to the conduct described herein, Defendants acted willfully and maliciously or with reckless indifference to Plaintiff's protected rights.

46. As a result of the conduct described in this complaint, Mrs. Kinslow has lost income and other privileges and benefits of employment that she otherwise would have received as cosmetology teacher at Franklin county High School; suffered embarrassment, humiliation, emotional distress and mental anguish, stress and anxiety, loss of employment, loss of career advancement prospects, damage to her reputation, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

47. Plaintiff continues to suffer economically, emotionally, and professionally as a result of Defendants actions.

## CLAIMS

48. Plaintiffs incorporate all of the paragraphs above as if set forth in each count below.

## COUNT 1 & 2: DISCRIMINATION IN VIOLATION OF TITLE VII

49. Based on the conduct described in this Complaint, Defendant is liable for discrimination based on race in violation of Title VII.

50. Based on the conduct described in this Complaint, Defendant is liable for discrimination based on sex in violation of Title VII.

51. The Defendant has subjected Plaintiff to a denial of promotion/failure to hire, hostile work environment, based on a discriminatory motivation (race) in violation of Title VII.

52. The Defendant has subjected Plaintiff to a denial of promotion/failure to hire, hostile work environment and harassment, based on a discriminatory motivation (sex) in violation of Title VII.

53. Plaintiff is a member of a protected class, African-American.

54. Plaintiff is a member of a protected class, female.

55. Plaintiff was objectively qualified for the position of Franklin County High School Cosmetology Teacher.

56. Plaintiff was considered, qualified, and denied the promotion to the position of Cosmetology Teacher from her position as a long-term substitute teacher.

57. Defendants selected, Roger Stewart, a white male, for the position of Franklin county High School Cosmetology Teacher despite Plaintiff's superior qualifications and having current work experience in the position. Plaintiff was also a substitute teacher for other subjects in the school system.

58. Defendants' intentional conduct constitutes reckless indifference to Plaintiffs' federally protected rights.

59. Defendants conduct harmed and caused damage to Plaintiff.

60. The actions described above constitute unlawful harassment, discrimination (including failure to promote), hostile work environment based on race and sex in violation of Title VII.

### COUNT 3: RETALIATION IN VIOLATION OF TITLE VII

61. Based on the conduct described in this Complaint, Defendant is liable for retaliation in violation of Title VII.

62. In filing her charges of discrimination against Defendant, Plaintiff has engaged in activity protected under Title VII.

63. In filing a retaliation charge with the Defendant and EEOC, Plaintiff has engaged in activity protected under Title VII.

64. At all relevant times, Defendant has been aware that Plaintiff engaged in activity protected under Title VII.

65. After Plaintiff engaged in activity protected under Title VII, Defendant took one or more adverse employment actions against Plaintiff by subjecting her to retaliation.

66. A causal connection exists between Plaintiff's activity protected under Title VII and the adverse employment actions taken by Defendant against her.

67. Defendant's intentional conduct constitutes reckless indifference to Plaintiffs' federally protected rights.

68. Defendant's conduct harmed and caused damage to Plaintiffs.

69. The actions described above constitute retaliation in violation of Title VII.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request the following legal and equitable relief:

1. A permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any employment which unlawfully discriminates on any basis, particularly with regards to race and sex, or which constitutes retaliation, as authorized by Title VII.

2. Permanently order Defendants to undergo mandatory and regular training on the laws governing employment discrimination.

3. Permanently order Defendants to post all available internal reporting procedures as well as EEOC reporting procedures in a manner that is conspicuous to all employees.

4. An Order directing Defendants to make Plaintiff whole by providing all forms of back pay, front pay, pre-judgment interest, post-judgment interest, expenses, costs, and reasonable attorney's fees (including expert fees) in amounts to be determined at trial, as authorized by Title VII.

5. An Order directing Defendants to pay to Plaintiff compensatory damages for her losses from defendants unlawful employment practices, including, but not limited to, past pecuniary losses, lost wages from denial of promotion, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial, as authorized by Title VII.

6. Such other legal or equitable remedies as the Court deems proper.

7. For a jury to hear this cause of action.

Respectfully submitted,

*C. Kinslow* (signature)
_____
Charlise Kinslow
414 Cessna Circle
Winchester, TN 37398

Plaintiff